UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| WEBIMAX, LLC, | No: 3:11-cv-00993-MMH-JBT |
| Plaintiff, | |
| vs. | |
| DANIEL JOHNSON, | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR LEAVE TO SEAL, AND TO FILE IN PAPER FORMAT, PORTIONS OF ITS MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Pursuant to Local Rule 1.09 and Part III.A of this Court's Administrative Procedures for Electronic Filing in Civil and Criminal Cases, Plaintiff WebiMax, LLC ("WebiMax"), moves the Court to allow WebiMax to seal the confidential portions of WebiMax's Motion to Enforce Settlement Agreement. The settlement agreement is confidential by its terms. WebiMax files this motion to preclude any argument that WebiMax breached the settlement agreement's confidentiality, or any other provisions of the settlement agreement that restrict the statements WebiMax may make concerning defendant Daniel Johnson ("Johnson") to third parties, in filing the Motion to Enforce Settlement Agreement.

WebiMax's Motion to Enforce Settlement Agreement and the supporting documents are attached hereto in a redacted format. *See* Exhibit A. If the instant motion is granted, WebiMax will file the unredacted version of its Motion to Enforce Settlement Agreement under seal and in paper format with the Court.

## Memorandum of Law in Support

WebiMax discusses below the information required by Local Rule 1.09(a), in the order recited therein.

**1. An Identification and Description of Each Item Proposed for Sealing.**

WebiMax seeks an order allowing it to file under seal and in paper format: (a) the Unredacted Memorandum of Law in Support of WebiMax's Motion to Enforce Settlement Agreement, which discusses the settlement agreement's terms and makes other statements that Johnson may otherwise argue breach the agreement; and (b) the confidential Settlement Agreement, and other exhibits and correspondence discussing its terms (attached in redacted format).

**2. The Reason that Filing Each Item is Necessary.**

The filing of each of these items is necessary to support WebiMax's motion to enforce the settlement agreement, so that the Court can understand the relevant settlement terms, without any breach of confidentiality by WebiMax, the movant.

**3. The Reason that Sealing Each Item is Necessary.**

WebiMax does not want to be arguably liable for breach of the settlement agreement, which is confidential, but requests that the settlement agreement be enforced.

**4. The Reason that a Means Other Than Sealing is Unavailable or Unsatisfactory to Preserve the Interest Advanced by the Movant in Support of the Seal.**

A means other than filing under seal is unsatisfactory or unavailable to preserve the confidentiality required by the settlement agreement. The Court needs to be able to refer to the specific exhibits to be cited, and to consider all cited evidence in the full context in which it was presented, especially since the relief to be requested is a matter of discretion with the Court.

5.  **Statement of Proposed Duration of the Seal.**

WebiMax proposes that the seal last from the date this Motion is granted to the date that is 3 months from the date that this case is finally closed or, if an appeal is taken, from the date this Motion is granted until the date that is 30 days after the filing and recording of the mandate from the Court of Appeals. *See* Local Rule 5.04(c)(3). Within the time provided in Local Rule 5.04(c)(3), WebiMax's counsel will take from the Court all items that will have been allowed to have been filed under seal and in paper format.

6.  **Memorandum of Legal Authority Supporting the Seal.**

As the Eleventh Circuit has explained, "[t]he common law right of [public] access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations omitted).

When balancing the party's interests, courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246.

Here, the items sought to be sealed deal with a confidential settlement agreement, and fall squarely within the classes of documents for which courts find that private interests outweigh public ones. Indeed, courts have found that a company's interest in keeping the terms of agreements confidential often outweigh the public right of access. *See, e.g.*, *Jazz Photo Corp. v. United States*, 439 F.3d 1344, 1358 (Fed. Cir. 2006); *In re Boston Herald*, 321 F.3d 174, 190 (1st Cir. 2003); *Vista India, Inc. v. Raaga, LLC*, No. 07-1262, 2008 WL 834399, at *2-3 (D.N.J.

March 27, 2008); *Sorenson Commc'ns, Inc. v. Fed. Commc'ns Comm'n*, 659 F.3d 1035, n. 4 (10th Cir. 2011). The settlement agreement is confidential by its terms and should be sealed.

### Rule 3.01 (g) Certification

Pursuant to Local Rule 3.01(g), WebiMax's counsel emailed Johnson notifying him that WebiMax intended to make this motion to enforce settlement agreement and to treat the agreement as confidential by filing it under seal. Johnson did not respond in writing. WebiMax's counsel also had a short conversation with Johnson on October 15, 2012, where she asked if he would consent to the filing under seal, and he said "no" and hung up abruptly.

WHEREFORE, WebiMax respectfully requests that this Court enter an order granting its motion for leave to seal, and file in paper format, the documents redacted.

Respectfully submitted,

Dated: October 15, 2012　　　　　　　　　　**FLASTER/GREENBERG P.C.**

　　　　　　　　　　By: /s/Alexis Arena_____
　　　　　　　　　　　Alexis Arena
　　　　　　　　　　　Flaster/Greenberg P.C.
　　　　　　　　　　　1600 John F. Kennedy Blvd., Suite 200
　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　(215) 279-9908
　　　　　　　　　　　*Attorney for WebiMax, LLC*